■ CITY OF NEW YORK, Appellant, v KEVIN J. DUNCAN et al., Respondents. [595 NYS2d 761] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March 5, 1992, which, *inter alia,* denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Defendant was found guilty of selling flowers without a license and fined $250 by the Environmental Control Board. A summons for forfeiture of the van, which the defendant had been driving, was issued, and the City moved for summary judgment on the ground of the collateral estoppel effect of the Environmental Control Board decision. Invocation of the doctrine of collateral estoppel raises questions as to whether the party against whom it is invoked had a full and fair opportunity to litigate the prior determination *(see, Gilberg v Barbieri,* 53 NY2d 285, 292; *Dusovic v New Jersey Tr. Bus Operations,* 124 AD2d 634, *appeal dismissed* 70 NY2d 747), and whether the issue on which estoppel is sought was decided in the prior agency decision *(see, Matter of Engel v Calgon Corp.,* 114 AD2d 108, 110, *affd* 69 NY2d 753). Here, the IAS Court properly questioned whether defendant had a full and fair opportunity at the hearing to litigate the issue of his selling flowers without a license, and the fairness of applying the doctrine in this proceeding. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Kassal, JJ.