■ MARK W. HEINITZ et al., Respondents, v STANDARD CONSTRUCTION, INC., Appellant. [609 NYS2d 102] —Mercure, J. Appeal from that part of an order of the Supreme Court (Bradley, J.), entered June 10, 1993 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs are brothers and were both employed by defendant prior to November 1991. In addition to his responsibilities as a heavy equipment operator and carpenter, plaintiff Mark W. Heinitz (hereinafter Heinitz) served as defendant's designated "Competent Person for Safety". Alleging defendant's discriminatory action in retaliation for Heinitz's efforts to enforce the standards of the Occupational Safety and Health Act (29 USC ch 15) on the work site, plaintiffs brought this action pursuant to Labor Law § 740 for damages and equitable relief, including reinstatement to employment with back pay. Defendant moved for summary judgment dismissing the complaint upon the grounds of res judicata and collateral estoppel and for failure to state a cause of action on behalf of plaintiff Robert J. Heinitz. Supreme Court denied the motion and defendant appeals.

We affirm. The claimed defenses of res judicata and collateral estoppel are based upon the fact that in September 1991, Heinitz filed a complaint with the Occupational Safety and Health Administration (hereinafter OSHA) pursuant to 29 USC § 660 (c) (1) alleging retaliatory discrimination, which complaint was dismissed in December 1991. However, because defendant did not support its motion with a copy of the actual complaint filed by Heinitz, we cannot determine whether the requisite identity of issue is present *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664). Further, in view of the fact that the present action is based at least in part upon conduct taking place following the filing of the OSHA complaint, there can be no such identity.

Second, it appears from the current scant record that Heinitz's OSHA complaint was summarily dismissed without an evidentiary hearing. As such, it is clear that in the OSHA proceeding Heinitz did not have the opportunity "to employ

procedures substantially similar to those utilized in a court of law" *(Clemens v Apple,* 65 NY2d 746, 749; *see, Ryan v New York Tel. Co.,* 62 NY2d 494, 501) and, thus, a full and fair opportunity to contest the issues involved *(see, City of New York v Duncan,* 191 AD2d 340; *compare, Altamore v Friedman,* 193 AD2d 240). Finally, because defendant failed to support its motion with any elaboration or evidence in support of the conclusory assertion that Robert Heinitz "has failed to state a cause of action under [Labor Law § 740]", that branch of the motion was also properly denied. In view of our determination that defendant did not satisfy its initial burden of supporting the motion with "sufficient evidence to eliminate any material issues of fact from the case", we need not consider the sufficiency of plaintiffs' opposing papers *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.