■ CHRISTOPHER DECOTES, Plaintiff, v MERRITT MERIDIAN CORPORATION, Defendant, and ALBANY SPECIALTIES, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. ALBANY PIPE INSULATORS, INC., Third-Party Defendant and Fourth-Party Plaintiff-Respondent; WASHINGTONVILLE CENTRAL SCHOOL DISTRICT, Fourth-Party Defendant-Appellant-Respondent. [666 NYS2d 763] —Carpinello, J. Cross appeals from an order of the Supreme Court (Canfield, J.), entered October 4, 1996 in Albany County, which, *inter alia*, denied cross motions for summary judgment by defendant Albany Specialties, Inc. and fourth-party defendant.

Plaintiff commenced this action to recover for injuries sustained when he fell from a ladder while insulating pipes for his employer, Albany Pipe Insulators, Inc. (third-party defendant), on a construction and renovation project at the Wash-

ingtonville High School. Defendant Albany Specialties, Inc. (the prime heating, ventilating and air conditioning contractor) and Washingtonville Central School District (fourth-party defendant), the owner on the project, appeal from an order of Supreme Court, *inter alia*, denying their respective cross motions for summary judgment.

We begin by finding that Supreme Court erred in failing to dismiss plaintiff's common-law negligence and Labor Law causes of action against Albany Specialties. No liability will attach under common-law negligence or Labor Law § 200 where there is no showing of authority to control the injury-producing activity by the party charged (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Lombardi v Stout*, 80 NY2d 290, 295; *Russin v Picciano & Son*, 54 NY2d 311, 317). The evidence in the record demonstrates that Albany Specialties did not supervise, direct or control the work performed by plaintiff.

Albany Pipe was responsible for supplying its employees with all tools and equipment and the ladder on which plaintiff was working was owned by the School District. Plaintiff testified at his examination before trial that he gave oral progress reports to Albany Pipe only, that no representative from Albany Specialties ever directed the manner in which he performed his work and that he was not required to speak or meet on a regular basis with anyone from that company. Thomas Colloton, vice-president of Albany Specialties, testified that his company did not dictate how the subcontractors were to perform their job and did not retain a person on the construction site to oversee the subcontractors or to ensure that they were performing the work in a proper and safe manner. Specifically, Albany Specialties did not determine whether Albany Pipe employees had the appropriate equipment to do their jobs nor could it physically stop a subcontractor from performing work even if one of its representatives observed work being performed in an unsafe manner. In the absence of proof of supervisory control over plaintiff's work, we conclude that Supreme Court erred in failing to dismiss plaintiff's Labor Law § 200 and negligence causes of action against Albany Specialties.

To this end, we note that observing work and reporting safety violations does not, without more, constitute authority to supervise, control or direct an injury-producing activity (*see, Comes v New York State Elec. & Gas Corp., supra*, at 877; *Perchinsky v State of New York*, 232 AD2d 34, *lv dismissed and lv denied* 91 NY2d 830; *Enderlin v Hebert Indus. Insula-*

*tion*, 224 AD2d 1020, 1021). Moreover, while plaintiff attempts to rely on general supervisory powers retained by Albany Specialties in connection with its contract with the School District to establish a question of fact, this retention is insufficient to raise an issue of fact regarding Albany Specialties' control over plaintiff's work (*see, Dewitt v Pizzagalli Constr. Co.*, 183 AD2d 991, 993; *see also, Tambasco v Norton Co.*, 207 AD2d 618, 621, *lv dismissed* 85 NY2d 857).

With respect to plaintiff's Labor Law §§ 240 and 241 causes of action, only owners and general contractors are absolutely liable for statutory violations (*see, Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520). All other parties, such as prime contractors, are liable "only if they are acting as the 'agents' of the owner or general contractor by virtue of the fact that they had been given the authority to supervise and *control* the work being performed at the time of the injury" (*Walsh v Sweet Assocs.*, 172 AD2d 111, 113, *lv denied* 79 NY2d 755 [emphasis in original]; *see, Russin v Picciano & Son*, 54 NY2d 311, 318, *supra*). "A key criterion to this delegation is the authority to *insist* that proper safety practices are followed and the right to control work in light of such authority" (*Walsh v Sweet Assocs.*, *supra*, at 114 [emphasis supplied]; *see, Nowak v Smith & Mahoney*, 110 AD2d 288, 290). The unrefuted evidence demonstrates that Albany Specialties did not possess such authority. To the extent that there is a factual dispute in the record as to when Albany Specialties actually left the construction project, such dispute is mere sophistry and does not raise a genuine issue of fact precluding summary judgment in Albany Specialties' favor.

Finding, as we do, that summary judgment should have been granted to Albany Specialties dismissing plaintiff's complaint, and as Albany Specialties is the only party remaining in the action against whom plaintiff has asserted any claims, the third-party and fourth-party actions for indemnification are rendered academic.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion by defendant Albany Specialties, Inc. granted, summary judgment awarded to said defendant and the complaint, third-party complaint and fourth-party complaint are dismissed.