■ Eugenia Hojohn, as Executor of Charles D. Hojohn, Deceased, Respondent, v Beltrone Construction Company, Inc., Appellant, and CNY Equipment Rental & Sales, Doing Business as Taylor Rental, Defendant and Third-Party Plaintiff-Appellant. Quality Painters & Decorators, Inc., Third-Party Defendant-Appellant. (And a Fourth-Party Action.) [679 NYS2d 462] —Spain, J. Appeal from an order of the Supreme Court (Best, J.), entered October 20, 1997 in Montgomery County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

In 1994 defendant Beltrone Construction Company, Inc. contracted with the State to perform construction work located at the State Office Campus in the City of Albany on a building intended to house the State Police Forensic Investigation Laboratory. Although Beltrone denies it was hired as the general contractor, it concedes that at a minimum it served in the capacity of a prime contractor. Beltrone subcontracted with third-party defendant, Quality Painters & Decorators, Inc.

(hereinafter Quality), for certain painting at the premises. Quality rented a mechanical lift from defendant CNY Equipment Rental & Sales, doing business as Taylor Rental (hereinafter Taylor). On September 5, 1995 plaintiff's husband (hereinafter decedent), an employee of Quality, was using the lift to aid him in painting a ceiling. At approximately 2:10 P.M. decedent was found on the ground at the base of the lift after having apparently fallen from the lift. Although no one witnessed decedent's fall, the statement of a co-worker, who apparently found decedent on the ground, indicated that the lift was still in the raised position and the safety chains, which had covered a two-foot opening on one side of the lift, were dangling from the lift; tragically, decedent succumbed to his injuries the following day.

Plaintiff commenced the instant action to recover for the alleged wrongful death of decedent. Subsequently, plaintiff moved for, *inter alia*, partial summary judgment on the issue of Labor Law § 240 (1) liability, contending that Beltrone was a general contractor within the meaning of the statute having the ability to exercise supervision and control and, thus, was liable for the failure to provide a safe work environment or adequate safety measures. Beltrone opposed the motion and cross-moved for summary judgment, contending that it was merely a prime contractor rather than a general contractor, within the meaning of Labor Law § 240 (1). Quality also cross-moved alleging that Beltrone was not an agent of the general contractor because Beltrone did not exercise control over Quality. Taylor also opposed the motion alleging that there was an issue of fact because the manner and cause of the unwitnessed accident was unknown. Supreme Court found that decedent had "died as a result of a fall from an elevated platform used to reach in various directions to paint surfaces pursuant to the building contract [and, further, that] a chain broke on the platform which evidently permitted the decedent to fall from the platform to the floor causing his death". The court also found that Beltrone had sufficient control over the worksite and employees of Quality such that Labor Law § 240 (1) was applicable. Supreme Court granted plaintiff's motion for partial summary judgment and denied Beltrone's and Quality's cross motions for summary judgment. Beltrone, Taylor and Quality appeal.

Initially, although we agree with Beltrone that a prime contractor is not automatically subject to Labor Law § 240 (1), upon our review of the record we agree with Supreme Court that Beltrone retained sufficient control over the project to be

subject to Labor Law § 240 (1). Here, the contract between the State and Beltrone provided that "[Beltrone] shall control and coordinate the Work of its subcontractors".[1] Beltrone was also responsible for "informing its subcontractors and suppliers of all the terms, conditions and requirements of the Contract Documents". Additionally, with regard to the coordination of contracts which the State could award to other contractors, the contract between Beltrone and the State stated that Beltrone was to "control and coordinate the work of its subcontractors, if any". The contract also provided that Beltrone would, *inter alia*, indemnify the State for any claims for damages.

Labor Law § 240 (1) provides, in relevant part, that: "All contractors and owners and their agents * * * shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." While the owner and general contractor are responsible for maintaining a safe work environment (*see, Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866; *Nowak v Smith & Mahoney*, 110 AD2d 288, 290), a third party and/or a prime contractor may be liable " 'only if they are acting as the "agents" of the owner or general contractor by virtue of the fact that they had been given the authority to supervise and *control* the work being performed at the time of the injury' " (*Decotes v Merritt Meridian Corp.*, *supra*, at 866, quoting *Walsh v Sweet Assocs.*, 172 AD2d 111, 113, *lv denied* 79 NY2d 755; *see, Russin v Picciano & Son*, 54 NY2d 311, 318; *Wright v Nichter Constr. Co.*, 213 AD2d 995) such that they effectively "stand[ ] in the shoes of" the owner or general contractor (*Walsh v Sweet Assocs.*, *supra*, at 114). Notably, "[t]he key criterion is 'the right to insist that proper safety practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control' " (*Nowak v Smith & Mahoney*, *supra*, at 290, quoting *Copertino v Ward*, 100 AD2d 565, 567; *accord, Decotes v Merritt Meridian Corp.*, *supra*, at 866; *Walsh v Sweet Assocs.*, *supra*, at 114).

Here, the accident in question was a result of work being done pursuant to Quality's contract with Beltrone and, therefore, fell within Beltrone's ability to supervise (*compare, Russin v Picciano & Son*, *supra*, at 318; *Walsh v Sweet Assocs.*, *supra*, at 113). Although Beltrone contends that it did not

---

**1.** Notably, the record does not include a copy of the full contract between the State and Beltrone.

exercise control over Quality except to insure that the work was being done in compliance with the contract, the record reveals that it retained the power to stop the work by Quality if such work was not being done properly and to coordinate the work of its subcontractors, and that it was present daily at the construction site (*compare, Walsh v Sweet Assocs., supra,* at 113-114; *see generally, Relyea v Bushneck,* 208 AD2d 1077). Furthermore, as Beltrone was also responsible for informing any of its subcontractors about the terms, conditions and requirements of its contract with the State, including safety precautions, and to coordinate all contracts with its subcontractors, Beltrone was "standing in the shoes" of the State for purposes of dealing with its subcontractors.

In our view, Beltrone's reliance on *Walsh v Sweet Assocs.* (172 AD2d 111) is misplaced. There, unlike here, the Court noted the presence of two prime contractors and concluded that the defendant prime contractor had no control over the other prime contractor or its employees. Here, Beltrone has not alleged the existence of a second prime contractor who had control over Quality, but seems to argue that it has blanket immunity, as a prime contractor, from Labor Law § 240 (1). We find no statutory or common-law authority to support that proposition.[2]

Finally, although the order granting plaintiff's motion for summary judgment was not entered against Taylor, we nonetheless conclude that Taylor is an aggrieved party and, therefore, is a proper party to this appeal (*see, Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957; *see also, Vitale v Dean Fowler Oil Co.,* 238 AD2d 794, 795-796; *Klinge v Ithaca Coll.,* 235 AD2d 724).

Cardona, P. J., White, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. In its decision and order Supreme Court specifically found that "a chain broke on the platform which evidently permitted the decedent to fall"; however, the accident was unwitnessed and there is no clear proof in the record that a chain or chains gave way.