■ FRANK P. MILLS, Respondent-Appellant, v NIAGARA MO-HAWK POWER CORPORATION, Appellant-Respondent, and SMITH & SMITH CONTRACTORS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. CONTEL OF NEW YORK, INC., Third-Party Defendant-Respondent-Appellant. [692 NYS2d 493] —Carpinello, J. Cross appeals from an order of the Supreme Court (Dier, J.), entered April 1, 1998 in Warren County, which, *inter alia*, denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Pursuant to a general utility contract with third-party defendant, Contel of New York, Inc., defendant Smith & Smith Contractors, Inc. installed four new utility poles and cables on property located in Warren County. Thereafter, plaintiff, a telephone linesman employed by Contel, climbed a 24-foot extension ladder as part of his job of removing telephone wires from an existing pole owned jointly by Contel and defendant Niagara Mohawk Power Corporation (hereinafter NIMO) and splicing the wires onto the newly strung cable. While standing on the ladder, plaintiff was struck by a severe electrical shock and thrown to the ground. He commenced this action against NIMO and Smith asserting Labor Law § 240 (1), § 241 (6) and § 200 claims, as well as common-law negligence. At issue on appeal is an order of Supreme Court which granted plaintiff's motion to dismiss a joint venture defense asserted by NIMO, denied his motion for partial summary judgment on the Labor Law § 240 (1) cause of action and denied cross motions by NIMO and Smith for summary judgment dismissing the complaint.

Contending that it was not an owner, general contractor or party with authority to exercise supervision and control over plaintiff and the work he was performing, Smith claims that it cannot be held liable pursuant to Labor Law § 240 (1), § 241 (6) and § 200. We agree. The subject pole was not owned by Smith nor was it a general contractor, as the work being performed by plaintiff for Contel was not a part of Smith's contract. Further, the record reveals that once Smith installed the poles and new cable, its job was essentially complete. It was NIMO's responsibility to remove the old poles. The issue distills, therefore, to whether Smith had the authority to control plaintiff's work (*see, e.g., Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Lombardi v Stout*, 80 NY2d 290, 295; *Russin v Picciano & Son*, 54 NY2d 311, 317-318). Measured by this criterion, Smith cannot be held liable for the injuries sustained by plaintiff in the course of Contel's wholly indepen-

dent and separate work on the pole because it is undisputed that Smith never directed or supervised plaintiff's work or enforced safety measures in the performance thereof (see, *Decotes v Merritt Meridian Corp.*, 245 AD2d 864; *compare, Hojohn v Beltrone Constr. Co.*, 255 AD2d 658). Thus, as to Smith, no Labor Law liability can attach. We leave intact, however, the negligence cause of action against it because questions of fact have been raised as to whether it negligently installed the new poles too close to the existing poles or failed to utilize insulating blankets around the poles.

Supreme Court properly denied plaintiff's motion for summary judgment against NIMO pursuant to Labor Law § 240 (1) as questions of fact have been raised as to whether plaintiff was a recalcitrant worker. Plaintiff readily admitted that Contel supplied him with materials and safety equipment, including a safety belt with a strap, to be utilized when working aloft. He was wearing his safety belt when he ascended the ladder to cut the wires but opted not to use it for several reasons, including the brief time he expected to be aloft and an insufficient amount of space between the old and new poles within which to belt off.

Within two hours of plaintiff's fall, Glen Bruyn, head of safety for Contel's predecessor in interest, visited the site as part of his investigation of the accident. According to Bruyn, plaintiff could have tied off to a cable strand which crossed in front of him, or tied off to the ladder itself or placed his safety strap around the pole. Bruyn also established that plaintiff was required to attend mandatory monthly safety meetings at which safety topics were discussed and that Contel mandated that its employees utilize safety belts while working at a height. Under these circumstances, a legitimate question of fact as to whether plaintiff was a recalcitrant worker has been established (see, e.g., *Kulp v Gannett Co.*, 259 AD2d 969; *Watso v Metropolitan Life Ins. Co.*, 228 AD2d 883).

With respect to NIMO's cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action, the record indicates that plaintiff did not allege any concrete regulatory violation in either his complaint or bill of particulars, but instead set forth such allegation for the first time in response to NIMO's cross motion for summary judgment. While we do not condone this dilatory practice, we nevertheless find that the belatedly cited regulation—12 NYCRR 23-1.16, which sets forth the rules regarding safety belt use—was sufficient to sustain a cause of action under Labor Law § 241 (6) (see, *Pasquarello v Citicorp/Quotron*, 251 AD2d 477; *White v Farash Corp.*, 224 AD2d 978).

Nor do we find merit to NIMO's contention that plaintiff is precluded under the exclusivity provisions of the Workers' Compensation Law from commencing this action against it because he was an employee of a joint venture. NIMO has failed to set forth sufficient evidence that a joint venture was entered into by virtue of the "General Joint Use Agreement" between itself and Contel wherein each agreed to jointly own and maintain various utility poles (*see generally*, *Holohan v Niagara Mohawk Power Corp.*, 42 AD2d 363; *Murphy v Rochester Tel. Co.*, 208 App Div 392, *affd* 240 NY 629; *compare*, *Mitchell v Roosevelt Ave. Corp.*, 207 AD2d 388). The parties' remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Smith & Smith Contractors, Inc. for summary judgment dismissing all Labor Law claims against it; motion granted to that extent and those claims are dismissed against said defendant; and, as so modified, affirmed.