■ CHARLES HORNICEK et al., Appellants, v WILLIAM H. LANE, INC., Respondent. (And a Related Action.) (And a Third-Party Action.) [696 NYS2d 557] —Mercure, J. Appeal from an order of the Supreme Court (Kane, J.), entered July 13, 1998 in Sullivan County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Charles Hornicek (hereinafter plaintiff) in an accident that took place in connection with a construction project at the Jeffersonville-Youngsville Junior/Senior High School in Sullivan County. At the time, plaintiff, who is an electrician, was working for Clifford R. Gray, Inc. (hereinafter Gray), the electrical prime contractor on the project. He sustained the subject injuries when a stepladder that he was standing on slipped and tipped over to the side. The complaint asserts Labor Law §§ 200, 240 (1) and § 241 (6) causes of action against defendant, the general construction prime contractor on the project. Following joinder of issue, plaintiffs moved for partial summary judgment on their Labor Law § 240 (1) cause of action; defendant cross-moved for summary judgment dismissing the complaint against it. Supreme Court denied the motion and granted the cross motion. Plaintiffs appeal.

We affirm. Notably, the absolute liability imposed upon own-

---

ers and general contractors pursuant to Labor Law § 240 (1) and § 241 (6) does not apply to prime contractors having no authority to supervise or control the work being performed at the time of the injury (*see, Russin v Picciano & Son*, 54 NY2d 311, 318; *Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 865; *Walsh v Sweet Assocs.*, 172 AD2d 111, 113, *lv denied* 79 NY2d 755; *Nowak v Smith & Mahoney*, 110 AD2d 288, 290). Similarly, an "implicit precondition" to liability under Labor Law § 200 is that the party charged "have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son, supra*, at 317; *see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). As previously noted, defendant was a prime contractor for general construction and plaintiff's employer was a prime contractor for electrical work, and an affidavit submitted by Gray's president showed that defendant had no control over any aspect of Gray's work on the project (*see, Walsh v Sweet Assocs., supra*, at 113). To the contrary, all supervision, direction and control rested in a "clerk of the works" employed by the owner. Further, the uncontroverted evidence submitted on the motion and cross motion showed that at the time of the accident, plaintiff was acting under the sole direction of his immediate supervisor, also a Gray employee, that the subject ladder was owned by Gray and that plaintiff had placed the ladder partially in a trench that had been dug by Gray employees and contained several inches of ice at the time of the accident.

In view of the foregoing uncontradicted evidence, we conclude that Supreme Court was correct in determining as a matter of law that there is no basis for liability against defendant pursuant to any of the theories advanced in the complaint. As a final matter, the present claim that Supreme Court should have withheld determination of the cross motion pending completion of discovery (*see*, CPLR 3212 [f]) was not raised in Supreme Court and is thus unpreserved for our consideration.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.