■ Jack Falsitta et al., Appellants, v Metropolitan Life Insurance Company, Inc., et al., Respondents. [719 NYS2d 373] —Mugglin, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 8, 2000 in Saratoga County, which denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff Jack Falsitta (hereinafter plaintiff), an electrician employed by Forest Electric Corporation, was working on an office tower building owned by defendant Metropolitan Life Insurance Company, Inc., which was undergoing an extensive renovation project. To manage the renovation project, Metropolitan hired defendant Structure Tone, Inc., which in turn hired defendant Regional Scaffolding Company, Inc. to erect and maintain personnel and material hoists. Credit Swiss/ First Boston, a future tenant of floors 19 through 28 of the office building, hired A.J. Contracting Company, Inc. to perform the necessary interior construction for its office space. A.J. Contracting hired Forest Electric to perform the electrical work with respect thereto. Plaintiff claims that he was injured on May 15, 1996 when, returning to the ground floor to have his lunch, the personnel hoist in which he was riding "free fell" twice, once for several floors, stopping abruptly, and again, a shorter distance, crashing against the springs at the bottom of the shaft. Plaintiff claims this action violently propelled him against the hoist walls and twice to the hoist floor, causing injury to his knee and back. As a result thereof, plaintiff and his wife, derivatively, commenced the instant action. Of the various causes of action asserted by plaintiffs, only their claim pursuant to Labor Law § 240 (1) is relevant to the three issues presented on this appeal.

The first issue is whether Supreme Court correctly determined that issues of fact prevented the granting of plaintiffs'

motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). We conclude this determination to be correct. Contrary to plaintiffs' claim that two independent reports of this accident eliminate any question of fact, the record reveals that on the day after the alleged accident, plaintiff generated the first report by advising his employer of the accident and his injuries and that his employer's report generated the accident report by A.J. Contracting. Notably, of the up to 20 workers allegedly on the hoist at the time, no one else reported the accident or claimed to have been injured therein, and only a fellow electrician identified by plaintiff as a witness submitted a statement and affirmation. A comparison of plaintiff's claims with the fellow electrician's statements reveals the existence of significant discrepancies concerning this accident and any injury suffered by plaintiff therein.

Moreover, plaintiffs' reliance upon the establishment of accident and causal relationship by a Workers' Compensation Law Judge is misplaced. This claim was asserted against plaintiff's employer, and none of the defendants in this action had the opportunity to litigate those issues in that proceeding. Consequently, the principles of collateral estoppel are inapplicable (*see, Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481; *cf., Heinitz v Standard Constr.*, 202 AD2d 843). Moreover, the issue of whether this accident was proximately caused by a violation of Labor Law § 240 (1) would not have been decided by the Workers' Compensation Law Judge.

Finally, Metropolitan, Structure and Regional all argue that had they received notice of the accident, they would have been required to, *inter alia*, investigate, perform repairs with respect to the personnel hoist as required and notify the appropriate Federal and city agencies of the incident. Since the record fails to contain any evidence suggesting that the foregoing steps were undertaken, genuine issues of fact exist concerning the occurrence and claimed injuries to plaintiff which preclude plaintiffs' motion for partial summary judgment.

The second issue for resolution is whether Structure is potentially liable under Labor Law § 240 (1). Structure argues that, as a construction manager, it cannot be held responsible since it did not have the requisite supervision and control over the work in question. Labor Law § 240 (1) imposes strict liability for any breach of the duty imposed therein which proximately causes an injury (*see, Nichols v Deer Run Investors*, 204 AD2d 929, 930; *Barnes v Park Cong. Church*, 145 AD2d 889, 890, *lv dismissed* 74 NY2d 650). A construction manager who has the authority to supervise, direct or control

the injury-producing work may be held liable as an owner's agent pursuant to Labor Law § 240 (1) (*see, Olney v Ciminelli-Cowper Co.*, 248 AD2d 1019). Here, although Structure was hired by Metropolitan as the construction manager, there is little doubt that it operated as a general contractor for purposes of Labor Law § 240 (1). In its capacity as construction manager, Structure hired Regional to erect and maintain the hoist. Further, Structure directly employed the hoist operators. Under these circumstances, we conclude that Structure had the requisite authority to supervise, direct and control the hoist so as to cast it in liability as a contractor.

Lastly, we address an issue not presented to Supreme Court concerning whether A.J. Contracting is liable to plaintiff. A.J. Contracting claims that because it was a prime contractor, without the authority to supervise, direct and control the worksite, hired by a future tenant and not by the owner of the building or any of its contractors, it cannot be held liable. Plaintiffs assert, in opposition, that A.J. Contracting is a general contractor, and that its status as a prime contractor for Credit Swiss/First Boston was simply a legal fiction created to comport with the requirements of the New York City Industrial Development Agency to take advantage of certain tax incentives.

"[O]n a motion for summary judgment appellate courts may search the record and grant summary judgment to the non-moving, nonappealing party without the necessity of a cross motion or a cross appeal" (*Sherba v Midstate Precast Sys.*, 230 AD2d 944, 946; *see, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111). Here, A.J. Contracting may be subjected to liability if it had authority to supervise or control the work being performed at the time of injury (*see, Hojohn v Beltrone Constr. Co.*, 255 AD2d 658, 660). The key criterion to be examined in resolving the potential liability of A.J. Contracting is whether it had the right to control the work and thereby the right to insist that appropriate and proper safety practices were followed (*see, id.*, at 660; *Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866; *Walsh v Sweet Assocs.*, 172 AD2d 111, 113-114, *lv denied* 79 NY2d 755). There is simply no evidence of any relationship between A.J. Contracting and Metropolitan, Structure or Regional. The authority to supervise, direct and control the personnel hoist which allegedly caused injury to the plaintiff was solely that of Structure. Accordingly, upon our search of the record, A.J. Contracting should be granted summary judgment dismissing plaintiffs' cause of action pursuant to Labor Law § 240 (1).

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur.

Ordered that the order is modified, on the law, without costs, by granting partial summary judgment to defendant A.J. Contracting Company, Inc. dismissing the Labor Law § 240 (1) cause of action against it, and, as so modified, affirmed.