■ LARRY L. MUSSELMAN et al., Appellants, v CHARLES A. GAETANO CONSTRUCTION CORPORATION, Respondent, et al., Defendant. (And Two Third-Party Actions.) [727 NYS2d 792] —Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered September 18, 2000 in Albany County, which granted

a motion by defendant Charles A. Gaetano Construction Corporation for summary judgment dismissing the complaint against it.

Plaintiff Larry L. Musselman (hereinafter plaintiff) was injured when he fell while exiting his employer's suspended swing scaffold after using it to perform masonry restoration work on the exterior of a school building undergoing renovation. Defendant Charles A. Gaetano Construction Corporation (hereinafter Gaetano), one of 12 prime contractors on the project, had subcontracted with plaintiff's employer, third-party defendant Lupini Construction, Inc., for the exterior masonry restoration. This action alleging, *inter alia*, violations of Labor Law §§ 200 and 240 (1) was previously before us on plaintiffs' appeal of the denial of their motion for summary judgment against Gaetano (277 AD2d 691). Supreme Court subsequently granted Gaetano's motion for summary judgment dismissing the complaint against it on the ground that it cannot be held liable under Labor Law §§ 200 or 240 (1) because it was not an owner, general contractor or agent, and did not exercise supervision or control over plaintiff's work. Plaintiffs appeal.

We affirm. Plaintiffs concede that Gaetano was a prime contractor rather than the general contractor on the project, and that only owners and general contractors are absolutely liable for violations of Labor Law § 240 (1) (*see*, *Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866). Prime contractors are liable " 'only if they are acting as the "agents" of the owner or general contractor by virtue of the fact that they had been given the authority to supervise and *control* the work being performed at the time of the injury' " (*id.*, at 866, quoting *Walsh v Sweet Assocs.*, 172 AD2d 111, 113, *lv denied* 79 NY2d 755 [emphasis in original]; *see*, *Russin v Picciano & Son*, 54 NY2d 311, 318). Here, unlike many of the cases cited by Gaetano, the injured worker was employed by a subcontractor of the prime contractor which moved for dismissal rather than by a subcontractor of another prime contractor (*compare*, *Hornicek v William H. Lane, Inc.*, 265 AD2d 631; *Mills v Niagara Mohawk Power Corp.*, 262 AD2d 901; *Walsh v Sweet Assocs.*, *supra*). However, despite the contractual privity thereby traceable back to the owner, the record here fails to substantiate plaintiffs' claim that Gaetano received authority to control the subcontractor's work from the owner and, thus, was acting as the owner's agent in supervising Lupini.

Unlike in *Hojohn v Beltrone Constr. Co.* (255 AD2d 658), on which plaintiffs rely, the prime contractor's contract with the owner here did not require the prime contractor to control and

coordinate the work of its subcontractors or to communicate the terms of its contract with the owner to its subcontractors (*compare, id.,* at 660).* Rather, Gaetano's contract with the owner only generally describes Gaetano's responsibility for "CONCRETE & MASONRY WORK" with no reference to possible subcontractors or supervision of the work of others. There is no contractual language or any other basis offered by plaintiffs to establish that Gaetano was authorized to act as the owner's agent in dealing with Lupini. As a result, even though the contract between Gaetano and Lupini stated that Lupini "shall * * * stop any part of the Work which [Gaetano] deems unsafe until corrective measures satisfactory to [Gaetano] shall have been taken," we find no evidence that the owner made Gaetano its agent in assessing safety conditions or otherwise supervising the subcontractor's work (*see, Decotes v Merritt Meridian Corp.,* 245 AD2d 864, 866, *supra*). For this reason, Supreme Court properly dismissed plaintiffs' Labor Law § 240 (1) claim.

As to liability under Labor Law § 200, the party charged must exercise supervisory control over the activity bringing about the injury (*see, Lyon v Kuhn,* 279 AD2d 760, 760-761), and the mere fact that a contractor retains general supervisory powers is not sufficient to impose liability (*see, Soshinsky v Cornell Univ.,* 268 AD2d 947; *Custer v Cortland Hous. Auth.,* 266 AD2d 619, 620, *lv denied* 94 NY2d 761). Here, the contract between Gaetano and Lupini expressly provided in article 10.1 that "[Gaetano] shall not issue or give any instructions, orders or directions directly to employees or workmen of [Lupini] other than to the persons designated as the authorized representative(s) of [Lupini]." Plaintiff's affidavit also confirms that no one from Gaetano ever directed him on how to do his work. Moreover, Lupini's supervisor stated that no one other than Lupini personnel had directed plaintiff in performing his work. Accordingly, we find that Supreme Court also properly dismissed plaintiffs' Labor Law § 200 claim and their similarly based common-law negligence claim (*see, Custer v Cortland Hous. Auth., supra,* at 620-621; *Decotes v Merritt Meridian Corp., supra,* at 865).

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Notably, the record does not include all the addenda to the contract between Gaetano and the owner.