■ MILTON COOK, JR., Respondent, v RICHARD THOMPKINS et al., Appellants. [760 NYS2d 251] —Carpinello, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 11, 2002 in Greene County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff, a laborer in the employ of a masonry contractor, sued to recover for an injury to his right index finger after slipping off a foundation form and falling into a trench. On the day of his accident, plaintiff was working on land owned by defendant Angelo Bacalocostantis. Bacalocostantis had previously hired an excavator, defendant Richard Thompkins, to prepare the site for the installation of the foundation for a new single-family modular home. Plaintiff's employer had been hired to install the concrete foundation. At issue is an order of Supreme Court denying the respective motions of Bacalocostantis and Thompkins for summary judgment. Each motion should have been granted in its entirety and, accordingly, we reverse.

With respect to both Bacalocostantis and Thompkins, the record reveals that neither supervised or controlled the manner or methods by which plaintiff's employer did its work nor exercised any direct supervision or control over plaintiff's work at the time of his accident (see Ryder v Mount Loretto Nursing Home, 290 AD2d 892, 894 [2002]; see also Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Bacalocostantis visited the work site only on weekends to monitor its progress. Moreover, he denied having any role whatsoever in overseeing or controlling any of the work being performed, including plaintiff's work, a fact readily conceded by plaintiff. Specifically, plaintiff testified at an examination before trial that he never saw Bacalocostantis on the job site prior to the accident and had no knowledge about any role he had in supervising or directing the nature of the work there (see Musselman v Gaetano Constr. Corp., 285 AD2d 868, 868 [2001]). On the day of his accident, plaintiff had been directed to pour concrete at the work site by a supervisor associated with his employer. Notably, Bacalocostantis was not even present when plaintiff was injured.

As for Thompkins, the record reveals that, upon excavating a hole for the foundation, his role in the project temporarily ceased awaiting completion of the concrete work. Like Bacalocostantis, Thompkins unequivocally denied having any role

whatsoever in overseeing or controlling plaintiff's work, a fact again conceded by plaintiff. When specifically asked at his examination before trial if he "receive[d] any instruction or supervision from * * * Tompkins [sic]" while on the work site, plaintiff responded in the negative (see id.). Moreover, Thompkins was also not present when plaintiff was injured. Given these unrefuted facts, and in the absence of competent evidence that either party created an unreasonable risk of harm to plaintiff that proximately caused his injuries (cf. Ryder v Mount Loretto Nursing Home, supra), the Labor Law § 200 and common-law negligence causes of action should have been dismissed (see e.g. Decotes v Merritt Meridian Corp., 245 AD2d 864 [1997]).

The Labor Law §§ 240 and 241 causes of action should also have been dismissed against both parties. With respect to Bacalocostantis, since he did not direct or control the work being performed by plaintiff, he is entitled to dismissal of these claims under the express exemption for single-family dwellings contained in Labor Law § 240 (1) and § 241 (6) (see Clark v Mann, 280 AD2d 866, 866-867 [2001]; Lyon v Kuhn, 279 AD2d 760 [2001]; Feltt v Owens, 247 AD2d 689, 690 [1998]; Lane v Karian, 210 AD2d 549 [1994]; Patterson v Pasa, 203 AD2d 866 [1994]). With respect to Thompkins, there is insufficient record evidence establishing that he was a general contractor on the job.

While Thompkins assisted Bacalocostantis in retaining plaintiff's employer, it is undisputed that plaintiff's employer was ultimately hired "solely and entirely" by Bacalocostantis and that these parties dealt directly with each other concerning all details of the work. They also dealt directly with each other concerning payment. The record further reveals that Bacalocostantis did not discuss the work being performed by plaintiff's employer with Thompkins, and that, as previously noted, Thompkins did not in any way supervise or control the work being performed by plaintiff (see Decotes v Merritt Meridian Corp., supra). Finally, Thompkins had no authority to enforce safety standards on the project (see Hojohn v Beltrone Constr. Co., 255 AD2d 658, 660 [1998]; Decotes v Merritt Meridian Corp., supra). Under these circumstances, the Labor Law claims should have been dismissed against Thompkins on the ground that he was not a general contractor (see Feltt v Owens, supra; Lane v Karian, supra; cf. Futo v Brescia Bldg. Co., 302 AD2d 813 [2003]; Relyea v Bushneck, 208 AD2d 1077 [1994]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs.