█ JEREMY MORRIS, Appellant, v C & F BUILDERS, INC., Respondent, et al., Defendants. [928 NYS2d 154]—

Mercure, J.P.

Defendants James Meehan and Rachel Meehan hired various contractors to construct a residence, including defendant George C. Squires, an electrical contractor. Squires, in turn, employed plaintiff, who was injured at the work site when he fell through an opening in the floor where a staircase was to be installed. Plaintiff commenced this action alleging claims of common-law negligence and violations of Labor Law §§ 200, 240 and 241 against, among others, defendant C & F Builders, Inc., the framing contractor on the project. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on his Labor Law § 240 (1) claim, and C & F Builders cross-moved for summary judgment dismissing the complaint and all claims against it. As is relevant here, Supreme Court granted C & F Builders' cross motion to the extent of dismissing plaintiff's Labor Law §§ 200, 240 and 241 claims against it.* Plaintiff appeals and we affirm.

---

* Supreme Court's denial of a separate summary judgment motion by the Meehans is not at issue on this appeal.

There is no question that "the absolute liability imposed upon owners and general contractors pursuant to Labor Law § 240 (1) and § 241 (6) does not apply to prime contractors having no authority to supervise or control the work being performed at the time of the injury" (*Hornicek v William H. Lane, Inc.*, 265 AD2d 631, 631-632 [1999]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Soskin v Scharff*, 309 AD2d 1102, 1104 [2003]). Likewise, liability cannot be imposed under Labor Law § 200 where a defendant lacked "the authority to control the activity bringing about the injury" (*Russin v Louis N. Picciano & Son*, 54 NY2d at 317; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Soshinsky v Cornell Univ.*, 268 AD2d 947, 947 [2000]).

Here, C & F Builders was a prime contractor and did not coordinate or supervise the electrical work on the premises. Indeed, both Squires and James Meehan testified that Squires was solely responsible for how the electrical work was done and could come and go as he pleased. Moreover, while it is far from clear that C & F Builders had any workers on the site when plaintiff was injured, plaintiff indicated that they played no role in his work when they were present. Inasmuch as C & F Builders had no control over plaintiff's work and had no duty, contractual or otherwise, to enforce safety standards at the work site, we agree with Supreme Court that it was entitled to partial summary judgment dismissing plaintiff's Labor Law §§ 200, 240 and 241 claims against it (*see Cook v Thompkins*, 305 AD2d 847, 847-848 [2003]; *Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866 [1997]; *cf. Paolangeli v Cornell Univ.*, 296 AD2d 691, 693 [2002]).

Plaintiff's remaining contentions are rendered academic in light of the foregoing.

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.