*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 17, 2015                   520936
_____

JASON TROMBLEY,
                        Appellant,
              v                                MEMORANDUM AND ORDER

DLC ELECTRIC, LLC, et al.,
                        Respondents.
_____


Calendar Date:   October 19, 2015

Before:   McCarthy, J.P., Rose, Devine and Clark, JJ.

                         _____


       Anderson, Moschetti & Taffany, PLLC, Latham (David J.
Taffany of counsel), for appellant.

       Costello, Cooney & Fearon, PLLC, Camillus (Maureen G.
Fatcheric of counsel), for respondents.

                         _____


McCarthy, J.P.

       Appeal from an order of the Supreme Court (Zwack, J.),
entered July 8, 2014 in Rensselaer County, which granted
defendants' motion for summary judgment dismissing the complaint.

       In October 2011, while working on a hotel construction
project for his employer, Bast Hatfield Construction, LLC, which
was the general contractor on the project, plaintiff tripped on
conduits that stuck up from the floor and fell, injuring his
elbow.  Plaintiff commenced this personal injury action,
alleging, among other things, claims pursuant to Labor Law §§ 200
and 241 (6) against defendant DLC Electric, LLC, the electrical
subcontractor for the project, defendant Donald C. Greene, the
owner of the property, and defendant CP Hotel, LLC, a development
company relative to the project.  Defendants moved for summary

judgment dismissing the complaint, which motion Supreme Court granted.  Plaintiff appeals, and we affirm.

Supreme Court properly granted summary judgment dismissing the complaint against DLC Electric.  "[T]he absolute liability imposed upon owners and general contractors pursuant to Labor Law . . . § 241 (6) does not apply to prime contractors having no authority to supervise or control the work being performed at the time of the injury" (Morris v C & F Bldrs., Inc., 87 AD3d 792, 793 [2011] [internal quotation marks and citation omitted]; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Decotes v Merritt Meridian Corp., 245 AD2d 864, 866 [1997]).  Similarly, liability pursuant to Labor Law § 200 does not attach to a defendant who lacked the authority to control the activity that led to the injury (see Russin v Louis N. Picciano & Son, 54 NY2d at 317; Morris v C & F Bldrs., Inc., 87 AD3d at 793).

Defendants submitted the testimony of plaintiff, who testified that no one other than Bast Hatfield told him how to perform his work, which included installing door frames and finishing sheetrock.  A project manager for DLC Electric established that DLC Electric was a subcontractor, having contracted with Bast Hatfield for the limited purpose of performing electrical work.  Further evidence established that Bast Hatfield, and not DLC Electric, had authority over safety measures on the site.  Given that plaintiff's submissions failed to raise a material issue of fact in regard to this evidence, DLC Electric was entitled to summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims against it (see Morris v C & F Bldrs., Inc., 87 AD3d at 793; Cook v Thompkins, 305 AD2d 847, 847-848 [2003]; Decotes v Merritt Meridian Corp., 245 AD2d at 866).

Turning to summary judgment in favor of Greene, the property owner, as well as CP Hotel, "to state a claim under [Labor Law §] 241 (6), a plaintiff must allege that the property owners violated a regulation that sets forth a specific standard of conduct and not simply a recitation of common-law safety principles" (St. Louis v Town of N. Elba, 16 NY3d 411, 414 [2011]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503-505 [1993]).  Moreover, it is axiomatic that the regulations

cited by plaintiff must be applicable to the circumstances of the injury (see Boots v Bette & Cring, LLC, 124 AD3d 1119, 1120 [2015]; Francis v Aluminum Co. of Am., 240 AD2d 985, 987 [1997]).

Plaintiff contends that its allegations pursuant to 12 NYCRR 23-1.5 and 23-1.7 (d), (e) and (f) should have survived defendants' motion for summary judgment. 12 NYCRR 23-1.5 recites the "General responsibility of employers" and does not provide a basis for a claim under Labor Law § 241 (6) because it does not contain "concrete specifications sufficient to impose a duty on defendant[s]" (Narrow v Crane-Hogan Structural Sys., 202 AD2d 841, 842 [1994]; see Stairs v State St. Assoc., 206 AD2d 817, 818 [1994]). 12 NYCRR 23-1.7 (d) pertains to walking surfaces and slippery conditions; plaintiff testified that his injuries were caused by tripping on exposed conduits, rendering this provision inapplicable. While 12 NYCRR 23-1.7 (e) applies to tripping hazards, the provision does not apply to injuries caused by conduits such as those described by plaintiff, which were "an integral part of the construction" (O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806 [2006]; accord Verel v Ferguson Elec. Constr. Co., Inc., 41 AD3d 1154, 1157 [2007]). Finally, according to plaintiff's testimony, his accident did not involve him ascending or descending to a different level, which renders 12 NYCRR 23-1.7 (f), regarding "Vertical passage," inapplicable. Plaintiff's remaining contentions are also without merit.

Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court