■ Tammy Mitchell et al., Respondents, v T. McElligott, Inc., Appellant. [59 NYS3d 179]—

Rose, J. Appeal from an order of the Supreme Court (Nolan Jr., J.), entered October 7, 2016 in Saratoga County, which, among other things, denied defendant's motion for partial summary judgment.

In 2011, the North Colonie Central School District (hereinafter the owner) contracted with defendant to renovate the heating systems at three of its school buildings. Defendant then subcontracted with plaintiff Tammy Mitchell's employer, Technical Building Services (hereinafter TBS), to install temperature controls for the renovated heating systems. In preparation for TBS's installation, Mitchell and another TBS employee delivered conduit pipes to one of the buildings. When Mitchell carried the pipes into the building's main mechanical room, her foot caught on two extension cords that were laying across the floor, causing her to trip and fall. Mitchell and her husband, derivatively, then commenced this action to recover for the injuries she sustained, asserting causes of action under Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. Following joinder of issue, defendant moved for partial summary judgment dismissing the Labor Law causes of action, alleging, among other things, that it was one of several prime contractors hired by the owner and, therefore, cannot be held liable for Mitchell's injuries. In response, plaintiffs withdrew their Labor Law § 240 (1) claim and moved for an order determining, as a matter of law, that defendant was a contractor or agent of the owner for purposes of imposing liability pursuant to the Labor Law, and that defendant violated 12 NYCRR 23-1.7 (e) (2). Ultimately, Supreme Court denied defendant's motion and partially granted plaintiffs' motion, finding that defendant was a contractor or agent of the owner. Defendant appeals, and we affirm.

Defendant asserts that, as a prime contractor, it is immune from liability pursuant to Labor Law §§ 200 and 241 because it lacked the authority to control or supervise the work site or TBS's work. Turning first to Labor Law § 200, defendant's status as a prime contractor is not dispositive. Labor Law § 200 "codifies the common-law duty of an owner or employer to provide employees with a safe place to work" (*Jock v Fien*, 80 NY2d 965, 967 [1992]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316 [1981]). Liability, however, will only be imposed upon a showing that the party charged with the duty

to provide a safe work place had "the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d at 317; *accord Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). In a case, such as this, where the injury is caused by a dangerous condition at the work site, the prerequisite of control necessary to impose liability requires "control of the place of injury and actual or constructive notice of the unsafe condition" (*Card v Cornell Univ.*, 117 AD3d 1225, 1226 [2014]; *see Edick v General Elec. Co.*, 98 AD3d 1217, 1219 [2012]).

Here, although the record establishes that defendant performed much of its work in the main mechanical room and that defendant's safety officer was tasked with providing a safe work environment for defendant's subcontractors, we agree with Supreme Court that issues of fact exist as to whether defendant maintained control over the main mechanical room and whether it had actual or constructive notice concerning the extension cords that caused Mitchell to trip (*see McKay v Weeden*, 148 AD3d 1718, 1721 [2017]; *Edick v General Elec. Co.*, 98 AD3d at 1219-1220; *compare Dasilva v Nussdorf*, 146 AD3d 859, 860-861 [2017]). Defendant's related claim that the extension cords were readily observable was improperly raised for the first time in its reply affirmation and is, therefore, not properly before us (*see Sim v Farley Equip. Co. LLC*, 138 AD3d 1228, 1229 n 2 [2016]; *Oglesby v Barragan*, 135 AD3d 1215, 1216 [2016]). In any event, whether the extension cords were readily observable to Mitchell "do[es] not, without more, obviate the duty to provide a reasonably safe workplace" (*England v Vacri Constr. Corp.*, 24 AD3d 1122, 1124 [2005]; *see Landahl v City of Buffalo*, 103 AD3d 1129, 1131 [2013]; *Coleman v Crumb Rubber Mfrs.*, 92 AD3d 1128, 1131 [2012]).

We similarly reject defendant's contention that its status as a prime contractor renders it immune from liability pursuant to Labor Law § 241 (6). Labor Law § 241 imposes liability upon "[a]ll contractors and owners and their agents." A statutory agency relationship is created where the owner or contractor delegates the work giving rise to the Labor Law § 241 (6) duties to a third party, at which point "that third party then obtains the concomitant authority to supervise and control that work" (*Russin v Louis N. Picciano & Son*, 54 NY2d at 318; *cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 293 [2003]). While prime contractors are immune from liability pursuant to Labor Law § 241 (6) where they lack contractual privity with the injured plaintiff's employer and have "no

authority to supervise or control the work being performed at the time of the injury" (*Hornicek v William H. Lane, Inc.*, 265 AD2d 631, 631-632 [1999]; *see Russin v Louis N. Picciano & Son*, 54 NY2d at 318; *Trombley v DLC Elec., LLC*, 134 AD3d 1343, 1343 [2015]; *Morris v C & F Bldrs., Inc.*, 87 AD3d 792, 793 [2011]), the record establishes that defendant was in contractual privity with TBS and that the owner had delegated all mechanical work to defendant by hiring it as the sole mechanical contractor for the project, thereby demonstrating the owner's intent to delegate supervisory control over TBS's work to defendant as its statutory agent (*cf. Sanchez v Metro Bldrs. Corp.*, 136 AD3d 783, 786 [2016]; *Barrios v City of New York*, 75 AD3d 517, 518-519 [2010]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518, 521 [2008]; *Nasuro v PI Assoc., LLC*, 49 AD3d 829, 831 [2008]).* Accordingly, we agree with Supreme Court that the proof established, as a matter of law, that defendant was the statutory agent of the owner such that liability can be imposed upon defendant pursuant to the Labor Law.

We also agree with Supreme Court that issues of fact exist as to whether defendant violated Labor Law § 241 (6). As a basis for this claim, plaintiffs rely upon 12 NYCRR 23-1.7 (e) (2), which provides, as is relevant here, that the parts of the floor "where persons work or pass shall be kept free . . . from scattered tools and materials . . . insofar as may be consistent with the work being performed." Upon our review of the record, we find that defendant failed to establish, as a matter of law, that the extension cords did not constitute "scattered tools and materials" (12 NYCRR 23-1.7 [e] [2]; *see Best v Tishman Constr. Corp. of N.Y.*, 120 AD3d 1081, 1081 [2014]). Contrary to defendant's contention, the affidavit by its expert engineer failed to raise an issue of fact on this point inasmuch as it set forth generalized and conclusory assertions and broadly surmised that because extension cords are used on construction sites every day they cannot be considered scattered tools and materials (*see generally Kretowski v Braender Condominium*, 57 AD3d 950, 952 [2008]). Accordingly, Supreme Court properly denied that part of defendant's motion seeking dismissal of the Labor Law § 241 (6) claim.

The parties' remaining contentions, to the extent not expressly addressed herein, have been considered and determined to be lacking in merit.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the order is affirmed, with costs.

---

* To the extent that our decision in *Musselman v Gaetano Constr. Corp.* (285 AD2d 868, 869-870 [2001]) can be read to the contrary, it is no longer to be followed.