■ MOHAMMED A. FOUFANA, Appellant, v CITY OF NEW YORK et al., Respondents. (And a Third- and Fourth-Party Action.) [621 NYS2d 572] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about August 13, 1993, which denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously reversed, on the law, without costs, and plaintiff's motion is granted.

Contrary to the IAS Court's finding that it was merely a passageway from one place of work to another, the old concrete stairway unearthed during excavation of the site and thereafter left in place to be used by the workers to gain access from the bottom of the fourteen foot deep excavation to street level and specifically used by plaintiff to summon trucks at street level to pick up debris, was a "tool" used by the workers and constituted the functional equivalent of the "other devices" used in connection with elevation differentials and covered by Labor Law § 240 (1).

While it was "permanent" in one sense of the word, it was not permanent for purposes of the instant scenario. Indeed, it was happenstance that the stairway was uncovered while the pit was being dug. Instead of demolishing it upon discovery, it was utilized by the workers and was demolished after the work was done. Obviously this decision was made to enable the workers to use the staircase *only* for purposes of the excavation. As such, the staircase was effectively *furnished* and *operated* by defendants within the meaning of the statute. Accordingly, the staircase's "life" is analogous to a temporary structure used only for the excavation as opposed to a permanent structure. The fact that this staircase was many years old and was originally a permanent structure does not preclude its consideration as the functional equivalent of "other

devices" for purposes of section 240 (1) *(cf., Wescott v Shear,* 161 AD2d 925; *Cliquennoi v Michaels Group,* 178 AD2d 839). Notably, the staircase was used much the same as the ladder that was provided at the worksite. It cannot be seriously argued that had plaintiff fallen from the ladder, he would not be covered by section 240 (1). Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.