■ Rollo J. Reed et al., Respondents, v State of New York, Appellant. (Claim No. 90331.) [671 NYS2d 820] —Cardona, P. J. Appeal from an order of the Court of Claims (Hanifin, J.), entered May 2, 1997, which granted claimants' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

On May 20, 1993, claimant Rollo J. Reed (hereinafter claimant), an ironworker employed by Syracuse Rigging, Inc., was injured while working at a construction site involving the repair and rehabilitation of a bridge owned by the State located on State Route 434 in the City of Binghamton, Broome County. While assisting in the installation of steel girders, claimant proceeded to climb scaffolding in order to reach the top of an abutment where one of the girders was to be placed. Before he reached the top a portion of the scaffolding gave way, causing claimant to fall to the ground.

Thereafter, claimant and his spouse commenced this claim alleging, *inter alia*, that the State was liable for claimant's injuries under Labor Law § 240 (1). Following joinder of issue, claimants moved for summary judgment on this cause of action. The Court of Claims granted the motion and this appeal by the State ensued.

We affirm. Labor Law § 240 (1) provides, in pertinent part, that: "All contractors and owners and their agents * * * in the erection, demolition, [or] repairing * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding [and] ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor

Law § 240 [1]). The statute "imposes absolute liability on owners, contractors and their agents for any breach of the statutory duty which has proximately caused injury" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559; *see, Tennant v Curcio*, 237 AD2d 733, 734). It is intended to protect employees from injuries sustained as a result of exposure to elevation-related hazards (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514).

Since the record discloses that claimant's injuries occurred as the result of an elevation-related hazard against which the State failed to provide proper protection, we conclude that the Court of Claims properly granted claimants' motion for summary judgment. The scaffold upon which claimant was injured was located next to the bridge abutment where he was working and had been partially dismantled although this condition was not visible at the time of the accident. Claimant testified that he started to climb the scaffold and, as he reached the top, he swung his body around to grab the vertical poles that were clamped to a platform. The platform, however, was unsecured and tipped over on him, causing him to fall to the ground.

Claimant's description of the accident was consistent with the description given by a worker who witnessed the accident. His version was also consistent with a statement given by the job foreman, Scott MacIntosh, to the regional safety coordinator for the Department of Transportation just after the accident. MacIntosh, however, gave a somewhat different version of events at his examination before trial, at which he testified that claimant got his feet caught in a snow fence that had been placed around the scaffolding while claimant was climbing "the snow fence and scaffold combination" and fell to the ground. Although MacIntosh's deposition testimony may raise questions of fact as to the precise manner in which the accident occurred, it is undisputed that claimant fell from an elevated scaffold and that no safety equipment was provided to prevent his fall. In our view, that is sufficient to establish the State's liability under Labor Law § 240 (1) as a matter of law (*see, Van Alstyne v New York State Thruway Auth.*, 244 AD2d 978, 978-979; *Welsh v County of Albany*, 235 AD2d 820, 823-824).

The State's contention that the recalcitrant worker doctrine bars claimants' recovery is unpersuasive. The doctrine is applicable only to cases "in which a worker has been injured as a result of a refusal to use available safety devices provided by the employer or owner" (*Hagins v State of New York*, 81 NY2d 921, 923; *see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563,

*supra*; *Stolt v General Foods Corp.*, 81 NY2d 918, 920). No evidence was presented that claimant was specifically instructed not to use the scaffolding or that he was provided with ladders or safety devices which he refused to utilize. Although there was some testimony that an orange snow fence was placed around the scaffolding to prevent persons from using it and that a warning sign was also affixed to the fence, that at most would constitute proof of contributory negligence and not that claimant was a recalcitrant worker. While it appears that access to the top of the abutment was available by use of a nearby dirt path, there is no evidence establishing that claimant knew of this mode of access or that he refused to use it. In view of the lack of proof demonstrating that claimant refused to take advantage of alternative safer means of accessing the top of the abutment or that he refused to use safety devices made available to him, we find the recalcitrant worker doctrine inapplicable (*see, Tennant v Curcio*, 237 AD2d 733, *supra*).

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.