■ KEVIN SERGEANT, Appellant, v MURPHY FAMILY TRUST et al., Respondents and Third-Party Plaintiffs. D.R. CASEY CONSTRUCTION CORP., Third-Party Respondent. [726 NYS2d 537] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying plaintiff's motion seeking partial summary judgment on liability under Labor Law § 240 (1). Plaintiff was employed as a roofer by third-party defendant. On the date of the accident, plaintiff was told to report to the foreman on the roof for his work assignment. Plaintiff stepped onto the roof and, while walking toward the foreman, stepped onto yellow insulation where a roof panel had been removed. The insulation had no underlying support, and plaintiff fell at least 21 feet to the floor below. At the emergency room, a blood test revealed that plaintiff's blood alcohol level was 0.23%.

It is undisputed that, on the date of the accident, no safety devices were in place to prevent employees from falling through or off the roof, and thus plaintiff established his entitlement to judgment on liability under Labor Law § 240 (1) as a matter of law. Although defendant raised an issue of fact whether plaintiff was intoxicated, that issue is not sufficient to defeat plaintiff's entitlement to partial summary judgment. "Because there is no dispute that there were no safety devices provided, this is not a case where 'a reasonable jury could * * * conclude[ ] that plaintiff's actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law § 240 (1) [will] not attach' " (*DiVincenzo v Tripart Dev.,* 272 AD2d 904, 905). We therefore modify the order by granting plaintiff's motion. (Appeal from Order of Supreme Court, Onondaga County, Centra, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.