■ YVONNE ADAMS, Respondent, v SANTA FE CONSTRUCTION CORP. et al., Appellants, et al., Defendants. [732 NYS2d 11] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered February 27, 2001, which, *inter alia,* denied the motion of the Santa Fe defendants for summary judgment dismissing the complaint, and granted plaintiff's cross motion insofar as it sought leave to serve a supplemental bill of particulars, unanimously affirmed, without costs.

The summary judgment motion of the Santa Fe defendants, premised upon the contention that plaintiff was their special employee and thus subject to the exclusivity rule of Workers' Compensation Law § 11 (*see, Gannon v JWP Forest Elec. Corp.,* 275 AD2d 231), was properly denied in view of defendants' failure to demonstrate, as a matter of law, that plaintiff was, in fact, their special employee. Questions of fact as to whether the Santa Fe defendants had the requisite degree of control over plaintiff's work to qualify for special employer status were raised most notably by the Santa Fe defendants' president, who testified at his deposition that his companies shared

supervision and control over the subject construction site with plaintiff's general employer, Turner Construction Company.

Although it is well settled that a plaintiff asserting a cause of action under Labor Law § 241 (6) must allege a violation of a concrete specification of the Industrial Code (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505), the failure to identify the specific Code provision, in the complaint or bill of particulars, need not be fatal, since amendment to remedy such deficiency should be granted freely, absent unfair surprise or prejudice (*see, Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231). Inasmuch as plaintiff did, in fact, allege specific Code chapter headings, her supplemental bill of particulars merely amplified and elaborated upon facts and theories already set forth in the original bill of particulars and did not, as defendants argue, raise new theories of liability. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Rubin, JJ.