■ HECTOR CONTRERA, Appellant, v GESHER REALTY CORP., Respondent. [766 NYS2d 200]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about January 10, 2002, which denied plaintiff's motion for partial summary judgment on the issue of defendant property owner's liability under Labor Law § 240 (1), granted defendant's cross motion for summary judgment dismissing plaintiff's causes of action under Labor Law §§ 200, 240 (1) and § 241 (6) and for common-law negligence, and dismissed the complaint, unanimously affirmed, without costs.

Plaintiff, a welder, alleges that he was injured when, replacing a permanent outside wooden staircase at defendant's residence with one made of iron, the rotted step he was standing on gave way, causing him to fall through. Plaintiff has no cause of action under Labor Law § 240 (1) because the work did not involve risks related to elevation differentials requiring the furnishing or erection of a safety device (*Carrion v Lewmara Realty Corp.*, 222 AD2d 205 [1995], *lv denied* 88 NY2d 896 [1996]; *compare Foufana v City of New York*, 211 AD2d 550, 551 [1995]). The Industrial Code sections that plaintiff invokes to support his

cause of action under Labor Law § 241 (6) (12 NYCRR 23-1.25 [d] [welders to be provided with scaffolding where necessary]; 23-1.7 [b] [1] [hazardous openings into which a person may step or fall to be guarded by cover or safety railing]) do not apply to the facts herein, and the causes for common-law negligence and under Labor Law § 200 lack merit because an owner of real property has no responsibility to one hurt through a dangerous condition he has undertaken to fix (*see Carrion*, 222 AD2d at 206).

We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ.