Same memorandum as in *Bradford v State of New York* (17 AD3d 995 [2005]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.

■ Michael D. Bradford, Respondent, v State of New York, Appellant. (Claim No. 107144.) (Appeal No. 2.) [794 NYS2d 522]—

Appeal from a judgment of the Court of Claims (Richard E. Sise, J.), entered May 4, 2004. The interlocutory judgment ordered that a trial on the issue of damages be scheduled.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant, State of New York, appeals from an order that granted those parts of the motions of Michael D. Bradford, Garrett and Renee Fitzgerald, Frederick T. and Emma M. McNeil, and Deborah L. Couchman, individually and as the administratrix of the estate of Scott Couchman (claimants), seeking partial summary judgment on the issue of liability with respect to their Labor Law § 240 (1) claims and denied those parts of defendant's cross motions seeking summary judgment dismissing those claims. The order further denied those parts of claimants' motions seeking partial summary judgment on claimants' Labor Law § 241 (6) claims and those parts of defendant's cross motions seeking summary judgment dismissing those claims, and denied those parts of claimants' motions seeking partial summary judgment on claimants' section 200 claims, as moot. Claimants McNeil and claimant Couchman cross-appeal from the order.

In appeal No. 2 through appeal No. 5, defendant appeals from an interlocutory judgment with respect to each claimant ordering that a trial on the issue of damages be scheduled. We dismiss the appeals from the order as subsumed in the interlocutory judgments (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988 [1988]; Chase Manhattan Bank v Roberts & Roberts, 63 AD2d 566, 567 [1978]; see also CPLR 5501 [a] [1]), and in the exercise of our discretion we treat each notice of cross appeal as one taken from the interlocutory judgment in that action (see Hughes, 140 AD2d 988 [1988]; see also CPLR 5520 [c]).

In October of 2002, construction of the Utica-Rome Expressway was taking place in Oneida County, and, as a part of that project, a pedestrian bridge was being constructed. Defendant owned and managed the construction site, and hired Tioga Construction Company (Tioga) to construct the pedestrian bridge. The pedestrian bridge had a span of 170 feet and was being erected more than 20 feet above the road surface. Claimant Couchman's decedent, Scott Couchman, and claimants Gar-

rett Fitzgerald, Michael Bradford and Frederick McNeil were employees of Tioga and were working on the pedestrian bridge when the bridge collapsed. As a result of the collapse, Scott Couchman was killed and Messrs. Fitzgerald, Bradford and McNeil were injured.

Contrary to defendant's contention, the Court of Claims properly granted those parts of claimants' motions seeking partial summary judgment on liability with respect to claimants' Labor Law § 240 (1) claims, and properly denied those parts of defendant's cross motions that sought summary judgment dismissing those claims. A claimant is entitled to partial summary judgment on the issue of liability under Labor Law § 240 (1) where, as here, it is undisputed that the claimant fell from an elevated work site while engaged in the erection of a structure (*see generally Melber v 6333 Main St.*, 91 NY2d 759, 762-763 [1998]). The collapse of a work site itself "constitute[s] a prima facie violation of Labor Law § 240 (1)" (*Richardson v Matarese*, 206 AD2d 353, 353 [1994]). Moreover, there is "no merit to [defendant's] contentions that Labor Law § 240 (1) is not implicated because [claimants] were injured as a result of the collapse of a permanent, rather than a temporary structure (*see, Frierson v Concourse Plaza Assoc.*, 189 AD2d 609 [1993]; *Collins v County of Monroe Indus. Dev. Agency [COMIDA]*, 167 AD2d 914 [1990] [, *lv dismissed* 77 NY2d 874 [1991]]; *Kennedy v McKay*, 86 AD2d 597 [1982]), or as the result of the collapse of the work site itself, rather than a safety device enumerated in Labor Law § 240 (1) (*see, Hagins v State of New York*, 81 NY2d 921 [1993]; *Kennedy v McKay, supra*, at 597)" (*id.* at 353-354).

There is no dispute that the collapse of the partially-completed bridge was a proximate cause of claimants' injuries. Where injury is caused through a violation of Labor Law § 240 (1), liability is mandated by the statute. "If proximate cause is established, the responsible parties have failed, as a matter of law, to 'give proper protection'" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985], *rearg denied* 65 NY2d 1054 [1985]). Defendant failed to raise an issue of fact with respect to proximate cause in opposing claimants' motions, and failed to establish its entitlement to judgment on its own cross motions. The court therefore properly granted claimants' motions and denied defendant's cross motions with respect to the Labor Law § 240 (1) claims.

We further conclude that the parties failed to establish their entitlement to judgment as a matter of law on either the Labor Law § 241 (6) or the Labor Law § 200 claims. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.