■ GLENN A. FOOTE, JR., et al., Appellants-Respondents, v LYONSDALE ENERGY LIMITED PARTNERSHIP et al., Respondents-Appellants, and AMERICAN BIN & CONVEYOR et al., Respondents, et al., Defendants. (And a Third-Party Action.) [805 NYS2d 163]—

Cardona, P.J. Cross appeals from an order of the Supreme Court (Dawson, J.), entered March 25, 2004 in Clinton County, which, inter alia, partially granted the cross motion of defendants Lyonsdale Energy Limited Partnership and Moose River Energy, Inc. for summary judgment dismissing the complaint against them.

On March 8, 1996, plaintiff Glenn A. Foote, Jr. (hereinafter plaintiff) was working on an elevated wood chip stacker at the Lyonsdale Cogeneration Facility in the Town of Lyonsdale, Lewis County, when the stacker partially collapsed, causing plaintiff to sustain injuries. Plaintiff was an employee of third-party defendant, Prime South, Inc., who had contracted with the owners of the facility, defendants Lyonsdale Energy Limited Partnership and Moose River Energy, Inc. (hereinafter collectively referred to as Lyonsdale), to operate and maintain the facility. Defendant American Bin & Conveyor designed the stacker in question and defendant Wolf & Associates procured the machine on Lyonsdale's behalf.

Plaintiff and his wife, derivatively, commenced the present action alleging negligence and violations of Labor Law §§ 200, 240 and § 241. Following joinder of issue and discovery, plaintiffs moved for, among other things, summary judgment on their Labor Law § 240 (1) claim against Lyonsdale and on their negligence claims against Lyonsdale, American Bin and Wolf. Lyonsdale then cross-moved for summary judgment dismissing the complaint and Wolf cross-moved for, among other things, summary judgment dismissing plaintiffs' negligence cause of action against it. As is relevant here, Supreme Court denied plaintiffs' motion in its entirety, partially granted Lyonsdale's cross motion by dismissing plaintiffs' Labor Law § 240 (1) claim

against it and partially granted Wolf's cross motion dismissing plaintiffs' negligence claim against it. Plaintiffs and Lyonsdale now cross-appeal.

Plaintiffs primarily claim that Supreme Court erred in failing to grant that part of their motion seeking summary judgment on their Labor Law § 240 (1) claim against Lyonsdale. We disagree. Labor Law § 240 (1) "has historically been construed in the context of workers injured as a result of inadequate or missing safety equipment at elevated work sites" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]). However, Labor Law § 240 (1) was not intended to cover " '*any and all* perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Indeed, there can be no Labor Law § 240 (1) liability for an injury which "results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance" (*Nieves v Five Boro A.C. & Refrig. Corp., supra* at 916; *see e.g. Melber v 6333 Main St.*, 91 NY2d 759, 761, 763-764 [1998]; *Corey v Gorick Constr. Co.*, 271 AD2d 911, 913 [2000]).

Applying the above principles to the instant matter, at the time of the accident, plaintiff was working at an elevated height on the wood chip stacker. The stacker is essentially a maneuverable conveyor belt used to move wood chips to various locations throughout the work site. The stacker is suspended at one end from a vertical tower and may be repositioned both vertically and horizontally via a system of cables and pulleys attached to the tower. Notably, in order to accomplish his work, plaintiff was positioned on a guardrailed catwalk permanently affixed to the stacker. Thus, under the Labor Law, the stacker may be viewed as a "structure" (*see Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]) and, under the particular facts presented here, the catwalk is the equivalent of a "scaffold" or "other device" intended to give proper protection to one working on the stacker (*compare Williams v City of Albany*, 245 AD2d 916, 917 [1997], *appeal dismissed* 91 NY2d 957 [1998]; *Ryan v Morse Diesel*, 98 AD2d 615, 615-616 [1983]). We note that plaintiffs have not alleged that the catwalk failed and caused plaintiff's fall (*see e.g. De Jara v 44-14 Newtown Rd. Apt. Corp.*, 307 AD2d 948, 949 [2003]). On the other hand, plaintiffs have alleged that the stacker itself collapsed due to the failure of a faulty suspension cable.

Although gravity obviously played a role in plaintiff's result-

ing injuries, this record does not support the position that the accident was caused by the failure or absence of an enumerated safety device (*compare Stang v Garbellano*, 262 AD2d 853, 853-854 [1999]). In fact, it is uncontroverted that the catwalk functioned properly in preventing plaintiff's fall until the intervening circumstance of the entire structure's collapse. In our view, since plaintiff's injuries were not due to the absence or failure of a designated safety device, Labor Law § 240 (1) is inapplicable and, thus, Supreme Court properly dismissed that cause of action (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 499-501; *Corey v Gorick Constr. Co., supra* at 913-914).

Plaintiffs also claim that they were entitled to summary judgment on their negligence claims against American Bin and Wolf.* As to American Bin, our review of the record establishes that Supreme Court correctly concluded that summary judgment was inappropriate given the divergent expert opinions submitted concerning the stacker's purported design defects and the ultimate cause of the stacker's collapse (*see Wojcik v Empire Forklift, Inc.*, 14 AD3d 63, 65 [2004]; *Herzog v Schroeder*, 9 AD3d 669, 670 [2004]). With regard to Wolf, Supreme Court dismissed the negligence claim against it after concluding that Wolf's contractual obligations to one of Lyonsdale's partners did not create a duty which ran to plaintiff (*see generally Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]). Indeed, Wolf's contractual obligation was merely to deliver the stacker "free from defects, merchantable and fit for the purposes intended." Notably, Wolf undertook no continuing obligation to service and maintain the stacker. Accordingly, Wolf did not undertake a "comprehensive and exclusive" obligation such as would impose a duty upon Wolf to noncontracting third parties such as plaintiff (*compare Karac v City of Elmira*, 14 AD3d 842, 844 [2005]). We therefore conclude that Supreme Court properly dismissed the negligence cause of action against Wolf.

In its cross appeal, Lyonsdale claims that Supreme Court erred in failing to dismiss plaintiffs' Labor Law § 200 and negligence claims against it because plaintiffs did not establish that Lyonsdale "exercised supervisory control over the activity which brought about the injury" (*Blysma v County of Saratoga*, 296 AD2d 637, 639 [2002]). Lyonsdale delegated "the overall responsibility of maintaining and operating the facility" to Prime South. However, there is also evidence in the record

---

* Although Supreme Court did not award plaintiffs judgment on their negligence cause of action against Lyonsdale, they have presented no arguments on this issue in their brief. Therefore, this issue is deemed abandoned (*see Dunn v Northgate Ford, Inc.*, 16 AD3d 875, 878 [2005]).

indicating that Lyonsdale maintained control over budgetary matters, had one of its employees on site as the main construction supervisor and had been notified concerning problems with the stacker. Although it is well established that an owner's retention of general supervisory powers is insufficient to impose liability (*see Musselman v Gaetano Constr. Corp.*, 285 AD2d 868, 870 [2001]), we cannot conclude, on this record, that Supreme Court erred in concluding that a question of fact exists concerning Lyonsdale's supervision of the facility (*see Bailey v Irish Dev. Corp.*, 274 AD2d 917, 921 [2000]).

Mercure, Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.