■ Robert Beard et al., Respondents, v State of New York, Appellant. [808 NYS2d 802]—

Peters, J. Appeal from an order of the Court of Claims (Midey, Jr., J.), entered October 19, 2004, which, inter alia, granted claimants' cross motion for partial summary judgment and directed the entry of an interlocutory judgment on the issue of liability in favor of claimants.

In June 2002, claimant Robert Beard (hereinafter claimant) was operating a "cruise air" backhoe to demolish a two-lane concrete bridge owned by defendant in the Town of Homer, Cortland County, when the bridge suddenly collapsed causing him, and part of the cruise air, to fall 15 to 20 feet into the creek bed below. Claimant, operating the cruise air from its enclosed cab, was thrown against the side of the cab, dislocating his shoulder and tearing his rotator cuff.

In September 2003, claimant and his wife, derivatively, commenced this action alleging violations of Labor Law §§ 200, 240 and 241 (6). Following joinder of issue, defendant moved for partial summary judgment seeking dismissal of both the Labor Law § 240 (1) and § 241 (6) claims, while claimants cross-moved for summary judgment on the Labor Law § 240 (1) claim. Claimants' cross motion was granted on the issue of liability for the Labor Law § 240 (1) claim and the Court of Claims denied the request for a dismissal of the Labor Law § 241 (6) claim. Defendant appeals and we affirm.

Beginning the analysis with the principles set forth in *Rocovich v Consolidated Edison Co.* (78 NY2d 509, 512, 514 [1991]), it is by now axiomatic that Labor Law § 240 (1) is designed to protect workers "in the erection, *demolition*, repairing, altering, painting, cleaning or pointing of a building or structure" (emphasis added) and that certain safety devices, enumerated by the statute, must be provided to reduce the "significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured." Here, defendant contends that Labor Law § 240 (1) is inapplicable because no such safety device would have been necessary and because the bridge in question was a permanent structure. We disagree. Due to the 40-foot long machine, which is small relative to the size of the bridge, claimant was required to demolish the bridge in pieces. The process involved hammering holes through the deck of the

bridge to weaken its structural integrity. Once a section was loosened, an excavator would pick it up and remove it from the area. After claimant bored holes in the first half of the bridge, as directed by his supervisor and observed by one of defendant's employees, he drove the cruise air to the other side of the bridge, positioning it such that the back end, including the cab, was on the bridge while the front end was parked on the approach to the bridge. Being located close to the point in the middle where he ceased work on the other side, claimant started boring holes. The portion of the bridge upon which he was working suddenly fell 15 to 20 feet into the creek bed below.

In our view, this case falls squarely within Labor Law § 240 (1) because claimant fell from an elevated work site while engaged in the demolition of a structure (*see Bradford v State of New York*, 17 AD3d 995, 997 [2005]; *Fox v Tioga Constr. Co.*, 1 Misc 3d 261, 270-271 [2003]). It is undisputed that claimant was not provided with any of the enumerated safety devices despite the fact that he was required to work on a bridge which was not structurally sound; no expert testimony was proffered by defendant to even suggest that there were no suitable safety devices which could have been provided (*see Fox v Tioga Constr. Co., supra* at 263). Under these facts, we find that "[t]he collapse of a work site itself 'constitute[s] a prima facie violation of Labor Law § 240 (1)' " (*Bradford v State of New York, supra* at 997, quoting *Richardson v Matarese*, 206 AD2d 353, 353 [1994]) and, in so finding, reject defendant's contention that the permanent nature of the bridge removes claimant's injury from the parameters of Labor Law § 240 (1) (*see Bradford v State of New York, supra* at 997). Instead, we find that the already undermined bridge was being used to support claimant and half of the cruise air's weight as the demolition project proceeded. Accordingly, the bridge must be deemed the "functional equivalent of a scaffold" (*Craft v Clark Trading Corp.*, 257 AD2d 886, 888 [1999]; *see Foufana v City of New York*, 211 AD2d 550, 550 [1995]; *compare D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [2000], *lv denied* 95 NY2d 765 [2000]) since it suspended claimant 15 to 20 feet above the ground while he was engaged in a protected activity (*compare D'Egidio v Frontier Ins. Co., supra* at 765; *Sponholz v Benderson Prop. Dev.*, 266 AD2d 815, 815 [1999], *appeal dismissed* 94 NY2d 899 [2000]). With it established that "the statute was violated and that the violation proximately caused [claimant's] injury" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]), the Court of Claims properly found liability under Labor Law § 240 (1).

Next addressing defendant's motion to dismiss claimants'

Labor Law § 241 (6) cause of action because it was not included in the notice of intention and, after it had been raised in the verified claim, made no reference to a specific rule or regulation violated, we agree that such failure was not fatal "since amendment to remedy such deficiency should be granted freely, absent unfair surprise or prejudice" (*Adams v Santa Fe Constr. Corp.*, 288 AD2d 11, 12 [2001]; *Kelleir v Supreme Indus. Park*, 293 AD2d 513, 514 [2002]). The Court of Claims correctly concluded that there was no unfair surprise or prejudice because defendant was provided with a description of where the accident occurred and thereby had sufficient information to investigate and ascertain the extent of its potential liability (*see Sega v State of New York*, 246 AD2d 753, 755 [1998], *lv denied* 92 NY2d 805 [1998]; *see also Epps v State of New York*, 199 AD2d 914, 914 [1993]).

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.