■ RICHARD J. MEYERS et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. [817 NYS2d 735]—

Crew III, J.P. Cross appeals from an order of the Court of Claims (Lebous, J.), entered April 15, 2005, which, inter alia, denied claimants' motion for partial summary judgment and partially denied defendant's cross motion for summary judgment dismissing the claim.

In October 2002, claimant Richard J. Meyers was injured when he fell from a scaffold located in an air shaft of a building on the campus of the State University of New York, College at Oneonta in Otsego County. As a consequence of his resulting injuries, Meyers and his spouse, derivatively, commenced this action against defendant asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, claimants moved for partial summary judgment on the Labor Law § 240 (1) claim and defendant cross-moved for summary judgment dismissing the claim in its entirety. The Court of Claims granted defendant's cross motion for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims, but denied both parties' motions for summary judgment on the Labor Law § 240 (1) claim. Claimants appeal and defendant cross-appeals.*

With regard to the Labor Law § 240 (1) claim, the uncontro-

---

* The parties have failed to address the dismissal of claimants' Labor Law §§ 200 and 241 (6) claims, and we therefore deem those issues to have been abandoned (*see Dunn v Northgate Ford, Inc.*, 16 AD3d 875, 878 [2005]).

verted proof on the summary judgment motion reveals that on the day of the accident, Meyers was assisting a mason who was laying four-inch block along the inside walls of an air shaft. The shaft was eight feet by eight feet and approximately 30 feet high. A tubular frame scaffold was erected inside the shaft and was six levels high, each level being approximately six feet in height. At the time of the accident, Meyers and the mason were at the fifth level. The main frame of the scaffold was completely decked. However, the scaffold was constructed with outriggers and planks on the working side of the scaffold allowing the mason to work from the outside of the scaffold at the wall. The evidence further reveals that the main frame of the scaffold was inches away from the wall where the mason was laying block, as well as on either side, and to the rear the men were protected by a railing. However, the evidence also reveals that when Meyers and the mason were required to move up to another level, they had to move the outriggers and then move the planks on which they had been standing to the outriggers at the next level. When this occurred, a two-foot space was created between the edge of the wall and the main frame on the working side of the scaffold. When Meyers and the mason finished their work on the fifth level, they moved the outriggers to the next level. As Meyers attempted to lift the planks up to the outriggers, they slipped and he fell through the two-foot opening created by removal of those planks.

Under the circumstances, we find the Court of Claims to have been in error in denying claimants' motion for partial summary judgment. Pursuant to Labor Law § 240 (1), defendant had a nondelegable duty to furnish Meyers with scaffolding that gave him proper protection. Clearly, upon the record evidence here, the scaffold from which Meyers fell was inadequate to protect him against the hazards encountered while he was attempting to move from one level to another (*see Pritchard v Murray Walter, Inc.*, 157 AD2d 1012, 1013 [1990]).

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied claimants' motion; motion granted and partial summary judgment awarded to claimants; and, as so modified, affirmed.