■ MARTIN CODY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 107955.) [859 NYS2d 316]—

Rose, J. Appeal from a judgment of the Court of Claims (Sise, P.J.), entered March 16, 2007, upon a decision of the court in favor of the defendant.

While working for the general contractor on a construction project, claimant was injured when he stepped onto an unsecured sheet of plywood over an opening in a platform covering a stairwell and fell to the stairs below. Claimant then commenced this action, alleging, among other things, that defendant violated Labor Law § 240 (1) by failing to provide a secure platform over the stairwell. After trial, the Court of Claims equated the platform with a scaffold and found that claimant had been constructing it when he fell. The court concluded, however, that claimant had failed to prove that his injuries were proximately caused by the lack of any safety device required by Labor Law § 240 (1). Claimant appeals and, because the platform itself afforded insufficient protection against the risk of falling into the stairwell, we reverse.

To establish liability under Labor Law § 240 (1), claimant was required to demonstrate that defendant violated the statute and that the violation proximately caused his accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). A violation occurs where a scaffold or elevated platform is inadequate in and of itself to protect workers against the elevation-related hazards encountered while assembling or dismantling that device, and it is the only safety device supplied or any additional safety device is also inadequate (*see Meyers v State of New York*, 30 AD3d 927, 928 [2006], *lv denied* 7 NY3d 864 [2006]; *Kyle v City of New York*, 268 AD2d 192, 197-198 [2000], *lv denied* 97 NY2d 608 [2002]; *Pritchard v Murray Walter, Inc.*, 157 AD2d 1012, 1013 [1990]). In addition, where a violation of Labor Law § 240 (1) serves as a proximate cause of the injury, then the worker's own conduct, even if negligent, cannot be deemed solely to blame for it (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290 [2003]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]).

Here, the record makes clear that the only device provided to safeguard claimant and other workers from falling into the stairwell was the plywood platform itself. Contrary to defendant's contention, instructions for its safe construction do not constitute a safety device. Nor does the fact that claimant was constructing the platform obviate the need to protect him from the falling hazard posed by the unsecured sheet of plywood. Nor was claimant required to prove what additional safety devices would have prevented his injury (*see Noble v AMCC Corp.*, 277 AD2d 20, 21 [2000]). Thus, defendant violated Labor Law § 240 (1) as a matter of law (*see Kyle v City of New York*, 268 AD2d at 196-197; *Reed v State of New York*, 249 AD2d 719, 720 [1998]), and this violation clearly was a proximate cause of claimant's injury (*see Meyers v State of New York*, 30 AD3d at 928; *Pearl v Sam Greco Constr., Inc.*, 31 AD3d 996, 997-998 [2006]).

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, direct a verdict in favor of claimant on the issue of liability, and matter remitted to the Court of Claims for a determination of claimant's damages.