■ KENNETH T. KINDLON, Appellant-Respondent, v SCHOHARIE CENTRAL SCHOOL DISTRICT, Respondents-Appellants, and BOVIS LEND LEASE LMB, INC., Respondent. [887 NYS2d 310]—

Kane, J. Cross appeals from an order of the Supreme Court (Devine, J.), entered January 12, 2009 in Schoharie County, which, among other things, denied plaintiff's motion for partial summary judgment.

Plaintiff's employer was a subcontractor responsible for removing part of the roof on a school building undergoing renovations. While plaintiff was walking on a portion of the roof

where the rubber and insulation had been removed, leaving only gypsum board and metal joists, the gypsum board beneath him gave way, causing him to fall at least 10 feet to the floor of the room below. To recover for injuries he sustained in his fall, plaintiff commenced this action against defendant Schoharie Central School District, the owner of the building, defendant LeChase Construction Services, LLC, the general contractor for the construction project, and defendant Bovis Lend Lease LMB, Inc., the construction manager for the project. The action alleged violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence.

Plaintiff moved for partial summary judgment against all defendants on the issue of liability under Labor Law § 240 (1). Defendants cross-moved for partial summary judgment in their favor on the same issue. Supreme Court denied plaintiff's motion and the cross motion by LeChase and the school district, but granted Bovis's cross motion. Plaintiff appeals and LeChase and the school district cross-appeal.

Supreme Court properly granted partial summary judgment in favor of Bovis. A construction manager is not liable under Labor Law § 240 (1), as an agent of the owner, unless the manager has the authority to direct, supervise or control the work which brought about the injury (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Falsitta v Metropolitan Life Ins. Co.*, 279 AD2d 879, 880-881 [2001]). Bovis did not have such authority. The contract between Bovis and the school district states that "[Bovis] shall not have control over or charge of and shall not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work of each of the Contractors, since these are solely the Contractors's responsibility." While Bovis's superintendent for this project testified in his deposition that he had the authority to stop or change unsafe work conditions that he observed, he also testified that his means of doing so was to contact the prime contractor for the work at issue. Thus, the only way for Bovis to correct safety violations was to inform the prime contractor, who would then address the problem; Bovis could not itself direct or control safety matters or the work which could lead to injury. Based on the superintendent's testimony and the contract language, Bovis lacked the authority necessary to render it liable under Labor Law § 240 (1) (*compare Falsitta v Metropolitan Life Ins. Co.*, 279 AD2d at 880-881). Hence, Bovis was entitled to summary judgment dismissing plaintiff's cause of action against it under that statute.

Plaintiff was entitled to summary judgment against the school

district and LeChase on the issue of liability under Labor Law § 240 (1). To establish liability, plaintiff was required to prove that the owner and general contractor violated the statute and that the violation was a proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]; *Cody v State of New York*, 52 AD3d 930, 931 [2008]). The collapse of the work site itself, even if it is part of a permanent structure, will constitute a prima facie violation of the statute, especially if the structure being worked upon is acting as the " 'functional equivalent of a scaffold' " (*Beard v State of New York*, 25 AD3d 989, 991 [2006], quoting *Craft v Clark Trading Corp.*, 257 AD2d 886, 888 [1999]; *see Bradford v State of New York*, 17 AD3d 995, 997 [2005]; *but see Jones v 414 Equities LLC*, 57 AD3d 65, 79 [2008]).

Here, the only safety device provided was a line with flags around the perimeter of the roof and a monitor on the ground to warn workers who got too close to the edge. This system was meant to protect workers from falling over the edge of the roof; it did not provide any protection from the hazard of falling through the roof itself or holes cut in the roof (*compare Dalaba v City of Schenectady*, 61 AD3d 1151, 1152 [2009]). No safety devices were provided to guard against those hazards. Because workers here were engaged in demolishing a portion of the roof and had already altered the portion of the roof on which they were walking by removing the rubber and insulation layers, the school district and LeChase were required to provide safety devices to protect workers from elevation-related hazards (*see Mihelis v i.park Lake Success, LLC*, 56 AD3d 355, 356 [2008]; *Melson v Sebastiano*, 32 AD3d 1259, 1261 [2006]; *Sergeant v Murphy Family Trust*, 284 AD2d 991, 992 [2001]; *see also Yost v Quartararo*, 64 AD3d 1073, 1074-1075 [2009]).* Plaintiff was not required to prove what safety devices would have prevented the accident (*see Cody v State of New York*, 52 AD3d at 931). Plaintiff's proof of the lack of safety devices, along with the collapse of the roof that was supporting his weight, established a prima facie violation of Labor Law § 240 (1). In view of the statutory violation, the evidence could not support a finding that plaintiff's own actions or those of his employer were the sole proximate cause of his injuries (*see Sergeant v Murphy Family Trust*, 284 AD2d at 992; *see also Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290).

---

* *D'Egidio v Frontier Ins. Co.* (270 AD2d 763 [2000]), relied upon by defendants, is inapposite. There, Labor Law § 240 (1) did not apply because the plaintiff's work site was a nonelevated floor, which did not require elevation-related safety devices (*id.* at 765-766).

The school district and LeChase failed to raise triable issues of fact controverting their liability. While LeChase's superintendent for this project averred that certain safety devices would not have prevented plaintiff's injuries, the superintendent did not prove his assertions. Thus, plaintiff was entitled to summary judgment against the owner and contractor on the issue of liability under Labor Law § 240 (1).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for partial summary judgment against defendants LeChase Construction Services, LLC and Schoharie Central School District; motion granted to that extent and summary judgment awarded to plaintiff against said defendants on the Labor Law § 240 (1) cause of action; and, as so modified, affirmed.