██ JASON MCDONALD, Respondent-Appellant, v UICC HOLDING, LLC, Appellant-Respondent. [912 NYS2d 710]—

Kavanagh, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered October 1, 2009 in Franklin County, which, among other things, partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured in August 2007 when he fell through a stairway while working on a renovation project at the Flanagan Hotel in the Village of Malone, Franklin County. The hotel had been vacant since 1997, when it sustained significant damage as the result of a fire. Defendant acquired the building in 2004 and contracted with plaintiff's employer, Northern Lights Maintenance, Inc., to rehabilitate the hotel and refurbish it. Part of this project called for the demolition of an old elevator shaft and the removal of an adjoining staircase. During the project, workers on scaffolds were inside the elevator shaft and, as they began demolishing it, debris accumulated on the adjoining staircase. Plaintiff was in the process of removing this debris from the staircase when a portion of it collapsed, causing him to fall 10 to 12 feet to the building's basement and be seriously injured. He subsequently commenced this action against defendant asserting claims based on common-law negligence as well as violations of Labor Law §§ 200, 240 (1) and § 241 (6). After discovery was completed, both sides moved for summary judgment, and plaintiff also sought to amend his bill of particulars to add a claim to his Labor Law § 241 (6) cause of action. Supreme Court denied plaintiff's cross motion in its entirety and partially granted defendant's motion for summary judgment dismissing plaintiff's claims made pursuant to Labor Law § 240 (1) and § 241 (6). Both parties now appeal.

Initially, we address plaintiff's contention that Supreme Court erred by concluding that at the time of the accident, the staircase was not a "device" that he was using to gain access to

an elevated work site and, on that basis, granted defendant's motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim. In that regard, this Court has previously held that a staircase that constitutes a "permanent passageway between two parts of the building" is not a "tool" or a "device" and cannot form the basis of a Labor Law § 240 (1) claim (*Williams v City of Albany*, 245 AD2d 916, 917 [1997], *appeal dismissed* 91 NY2d 957 [1998]; *see Milanese v Kellerman*, 41 AD3d 1058, 1060-1061 [2007]; *Riccio v Shaker Pine*, 262 AD2d 746, 747 [1999], *lv dismissed* 93 NY2d 1042 [1999]; *Craft v Clark Trading Corp.*, 257 AD2d 886, 887 [1999]; *Avelino v 26 Railroad Ave.*, 252 AD2d 912, 913 [1998]). However, at the time of plaintiff's accident, this staircase was being dismantled, a portion of it that extended towards the top of the building had already been removed and it could no longer be considered a permanent passageway in the building. Moreover, the staircase was not being used by plaintiff as a passageway to gain access to other areas in the building; instead, it functioned as a scaffold that was being used to facilitate the work being performed in the demolition of the adjoining air shaft. As a result, plaintiff, at the time of his accident, was using the staircase to perform work on an elevated work site, and the collapse of the staircase "constitute[d] a prima facie violation of the statute" (*Kindlon v Schoharie Cent. School Dist.*, 66 AD3d 1200, 1202 [2009]; *see Beard v State of New York*, 25 AD3d 989, 991 [2006]; *Foufana v City of New York*, 211 AD2d 550, 550 [1995]). Moreover, defendant has offered no evidence to show that plaintiff had been given and was told to use any safety harness or other safety device in connection with his work that would have protected him from the elevation-related hazard created by the condition of the staircase (*see Kindlon v Schoharie Cent. School Dist.*, 66 AD3d at 1202). On these facts, plaintiff's cross motion for summary judgment on his Labor Law § 240 (1) claim should have been granted (*see Dalaba v City of Schenectady*, 61 AD3d 1151, 1152 [2009]).

As for plaintiff's contention that he was also entitled to summary judgment on his claims based on common-law negligence and Labor Law § 200, we begin with the fundamental premise that an owner has a statutory and common-law duty to provide employees with a safe place to work (*see Riccio v Shaker Pine*, 262 AD2d at 747). Here, plaintiff argues that he has established as a matter of law that the work being performed on the hotel— and, in particular, the method used in dismantling and demolishing the elevator shaft and the staircase—was inherently dangerous and served to render the work site an unsafe place to work. Moreover, he contends that defendant, in its capacity as owner

of the premises, was aware of the dangers posed to workers on this site as a result of the conditions that existed and, despite being in control of the site, took no steps to insure that it was safe. In such a circumstance, an owner of property will be held liable if it " 'exercised supervisory control over plaintiff's work and had actual or constructive knowledge of the unsafe manner in which the work was being performed' " (*Biance v Columbia Washington Ventures, LLC*, 12 AD3d 926, 927 [2004], quoting *Turner v Sano-Rubin Constr. Co.*, 6 AD3d 910, 911 [2004]; *see Rought v Price Chopper Operating Co., Inc.*, 73 AD3d 1414, 1416 [2010]; *Bonse v Katrine Apt. Assoc.*, 28 AD3d 990, 991 [2006]; *Foote v Lyonsdale Energy Ltd. Partnership*, 23 AD3d 924, 927-928 [2005]). However, simply because the owner was present on the site and retained general supervisory control over it, including the "authority to enforce safety standards," does not mean that it was in control of the work site and, therefore, legally responsible for it (*Biance v Columbia Washington Ventures, LLC*, 12 AD3d at 927).

On this issue, each side presented competing testimony from witnesses as to the level of control and supervision that defendant exercised over the work site at the time of plaintiff's accident and, in particular, its involvement in the demolition of the elevator shaft and removal of the staircase. For example, defendant points to the testimony of plaintiff's immediate supervisor that he was in charge of all Northern Lights employees on the site, including plaintiff, and directly supervised the manner and method of their work. However, two key members of defendant's staff—its construction supervisor and assistant project manager—acknowledged that they were constantly on site and retained the right to direct the manner in which the work was being performed during the project. They also claim to have the final authority to resolve any issue that might arise regarding this work and how it was to be performed, including the implementation of safety measures needed to secure the site. These conflicting descriptions of defendant's role at the site— and the degree of supervision and control it exercised over the work being performed during this project—necessarily created questions of fact that belie the grant of summary judgment.

Plaintiff also argues that he was entitled to summary judgment because, at the time of his accident, the staircase had so deteriorated that it constituted a dangerous condition on the property and defendant had constructive, if not actual, notice of it (*see Cook v Orchard Park Estates, Inc.*, 73 AD3d 1263, 1264-1265 [2010]; *Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 918-919 [2008]; *Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 919

[2006]). In that regard, evidence was presented that the staircase was inspected both before and after the work on the project had begun, and certain safety measures were implemented to address any risks that might arise as the result of workers on the site using it. However, factual issues exist as to whether, despite these efforts, the staircase, at the time of plaintiff's accident, constituted a dangerous condition and, if so, whether these inspections serve to put defendant on notice as to the existence of this condition. In addition, a question remains as to whether the measures taken by defendant in response to these inspections served to satisfy its obligation to insure that the staircase was safe while it was being used during this construction project (*see Cook v Orchard Park Estates, Inc.*, 73 AD3d at 1264-1265).

Finally, plaintiff argues that Supreme Court abused its discretion when it denied his application to amend his bill of particulars to include a new regulation (12 NYCRR 23-3.3) as part of his Labor Law § 241 (6) claim. However, plaintiff made this application after the note of issue had been filed and defendant had moved for dismissal of this claim on the ground that the regulation used to support plaintiff's Labor Law § 241 (6) claim (12 NYCRR 23-2.7) did not apply to the circumstances surrounding this accident.* Given that plaintiff has failed to account for the delay in making this cross motion, and the prejudice that would obviously enure to defendant if it were granted, Supreme Court did not, in our view, abuse its discretion in denying this application (*see Desharnais v Jefferson Concrete Co., Inc.*, 35 AD3d 1059, 1061 [2006]; *Gavigan v Bunkoff Gen. Contrs.*, 247 AD2d 750, 751 [1998]; *compare Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1074 [2009]; *McGuire v Independent Cement Corp.*, 255 AD2d 646, 649 [1998]).

Peters, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and denied plaintiff's cross motion as to said cause of action; defendant's motion denied to that extent, plaintiff's cross motion granted to that extent and summary judgment awarded to plaintiff on said cause of action; and, as so modified, affirmed.

---

* 12 NYCRR 23-3.3 refers to the demolition by hand of walls and partitions at a construction project, inspections performed on stairways and hazards created by "falling debris or materials." 12 NYCRR 23-2.7, as pleaded by plaintiff in connection with his Labor Law § 241 (6) claim, concerns the placement and construction of *temporary* stairways at a construction site.